UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ERIK VANDERBECK, | : | |
| | : | Civil Action No. 18-4144 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

Petitioner Erik Vanderbeck ("Petitioner") is a federal prisoner seeking reconsideration of this Court's October 1, 2019 Opinion and Order (ECF Nos. 11-12) denying his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (the "Motion"). (*See* ECF No. For the reasons explained in this Memorandum Opinion, the motion for reconsideration is denied.

The Court provides the following relevant background. On April 8, 2016, following a jury trial, Petitioner was convicted of two counts of production of child pornography in violation of 18 U.S.C. § 2251(a); one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2)(A); and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). *United States v. Vanderbeck*, Crim. No. 15-165, ECF No. 56.[1] The conduct underlying Petitioner's conviction involved his use of "online messaging services to communicate with underage females, asking them to send him sexually explicit photographs and videos of themselves." *United States v. Vanderbeck*, 702 F. App'x 54, 55 (3d Cir. 2017).

All three of Petitioner's victims testified at trial. In Ground One of his § 2255 Motion,

---

[1] At trial, this Court dismissed an additional count of production of child pornography. *See* Crim. No. 15-165, ECF Nos. 15, 18.

Petitioner claimed "ineffective assistance" because defense counsel failed to cross-examine one of those victims, Joanna, the teenage victim who fainted on the witness stand during her direct testimony and needed to be revived before a short recess was taken. *See* Crim. No, 15-165, ECF No. 48, at 135–37. Following that recess, the Government asked a limited number of additional questions and defense counsel did not conduct any cross-examination. *See id.* at 138–45.

In Ground One of the Motion, Petitioner asserted that Joanna testified that Petitioner threatened to post her pictures online and that such testimony was uncorroborated. (Motion at 11-12). Petitioner also asserted that certain of Joanna's testimony was contradicted by her prior statements and that such contradictions should have been explored on cross-examination. (Motion at 12-13). The Court found that the failure to cross-examine Joanna did not constitute ineffective assistance of counsel because Petitioner failed to demonstrate he suffered any prejudice as a result of counsel's decision. (ECF No. 11, Opinion at 8.) The Court explained Petitioner's failure to show prejudice as follows:

> While Petitioner asserted that Joanna's testimony was the sole evidence presented to demonstrate that he "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d]" Joanna to send him pornographic images of herself, *see* 18 U.S.C. § 2251(a), there was other documentary evidence presented at trial on this element of the offense of production of child pornography. Indeed, email conversations between Joanna and Petitioner were admitted at trial which demonstrate that he encouraged her to send him photos. (*See* ECF No. 9, Ex. E (not filed on ECF).) Moreover, in Petitioner's statement to law enforcement, he stated that Joanna sent him "a couple of pictures" and that he "might have asked for the topless one." (ECF No. 9, Ex. B, at 38–39 (not filed on ECF).) If anything, the inconsistencies in Joanna's testimony go only to her credibility, which Petitioner's counsel addressed in his summation. *See* Crim No. 15-165, ECF No. 50, at 61–68. Based on this additional evidence presented at trial, and the fact that counsel addressed the issue of Joanna's credibility in his closing, there is no indication that counsel's failure to cross-examine Joanna was "so serious as to deprive the defendant of a fair trial" or that the jury's verdict is unreliable. *See Strickland*, 466 U.S. at 687. Because Plaintiff has

2

>> failed to demonstrate that he was prejudiced by counsel's decision, relief on this claim is denied.

(*Id.* at 8-9.)

In his motion for reconsideration, Petitioner asserts that his trial counsel should have asked Joanna about the form of communication Petitioner used to threaten her, *i.e.*, email, and asserts that the failure to ask this question amounts to ineffective assistance of counsel. Petitioner also attaches several exhibits of Joanna's statements to investigators and her testimony at trial. *See* ECF No. 13. In Petitioner's view, this question, if posed by counsel, would have exposed Joanna's "lies" because, according to Petitioner, there were no emails in evidence that corroborated Joanna's claim that Petitioner threatened her. *See id.*; *see also* ECF Nos. 16-17.

The Court begins by determining the character of Petitioner's motion for reconsideration. Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" Fed. R. Civ. P. 60(b)(1). In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. *Smith v. Evans*, 853 F.2d 155, 158-159 (3d Cir. 1988); *U.S. v. Fiorelli*, 337 F.3d 282, 287–88 (3d Cir. 2003). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

The Court construes Petitioner's submission as a motion pursuant to Rule 59(e) because he attempts to relitigate Ground One of the Motion and asserts that the Court erred in denying this ground for relief. Here, Petitioner's desired ground for cross-examination (lack of corroboration) was accomplished by counsel without having to cross-examine a sympathetic minor witness, who had already fainted on the stand. As the Court explained in its Opinion, defense counsel, in closing statements, specifically argued that there was no documentary evidence corroborating Joanna's testimony that Petitioner had threatened her. *See* Crim No. 15-165, ECF No. 50, at 61–68. Therefore, defense counsel simply elected a strategy that did not run the risk of additional testimony from a sympathetic witness, and Petitioner is unable to show he was prejudiced by this decision since his counsel made the same point about the lack of corroboration in his closing statements.[2]

For this reason, the Court denies Petitioner's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). An appropriate Order follows.

Dated: May 5, 2020

/s Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge

---

[2] In addition, Petitioner's claim that Joanna gave uncorroborated testimony regarding Petitioner's "threats," fails because the use of threats is not a required element of Count 2 (the production of child pornography count relating to Joanna). Instead, the jury needed only find that Petitioner "employed, used, persuaded, induced, enticed, or coerced [Joanna] to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." *See* Jury Instruction No. 16.