**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ERIK VANDERBECK, | : | |
| | : | Civil Action No. 18-4144 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

Petitioner Erik Vanderbeck ("Petitioner") is a federal prisoner seeking to reopen his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (the "Motion"), which this Court denied on October 1, 2019. *See* ECF Nos. 11-12. On May 5, 2020, the Court also denied Vanderbeck's motion for reconsideration brought pursuant to Fed. R. Civ. P. 59(e). *See* ECF Nos. 18-19. On August 20, 2020, the Third Circuit denied Petitioner's request for a certificate of appealability as to his Motion. *See* ECF No. 20. For the reasons explained in this Memorandum & Order, the Court likewise denies Vanderbeck's letter requests to reopen this matter, which the Court construes as requests for relief under Fed. R. Civ. P. 60(b).

The Court provides the following relevant background. On April 8, 2016, following a jury trial, Petitioner was convicted of two counts of production of child pornography in violation of 18 U.S.C. § 2251(a); one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2)(A); and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). *United States v. Vanderbeck*, Crim. No. 15-165, ECF No. 56.[1] The conduct

---

[1] At trial, this Court dismissed an additional count of production of child pornography. *See* Crim. No. 15-165, ECF Nos. 15, 18.

underlying Petitioner's conviction involved his use of "online messaging services to communicate with underage females, asking them to send him sexually explicit photographs and videos of themselves." *United States v. Vanderbeck*, 702 F. App'x 54, 55 (3d Cir. 2017).

All three of Petitioner's victims testified at trial. In Ground One of his § 2255 Motion, Petitioner claimed "ineffective assistance" because defense counsel failed to cross-examine one of those victims, Joanna, the teenage victim who fainted on the witness stand during her direct testimony and needed to be revived before a short recess was taken. *See* Crim. No, 15-165, ECF No. 48, at 135–37. Following that recess, the Government asked a limited number of additional questions and defense counsel did not conduct any cross-examination. *See id.* at 138–45. Petitioner asserted that Joanna testified that Petitioner threatened to post her pictures online and that such testimony was uncorroborated. Motion at 11-12. Petitioner also asserted that certain of Joanna's testimony was contradicted by her prior statements and that such contradictions should have been explored on cross-examination. Motion at 12-13.

In denying habeas relief, the Court found that the failure to cross-examine Joanna did not constitute ineffective assistance of counsel because Petitioner failed to demonstrate he suffered any prejudice as a result of counsel's decision. ECF No. 11, Opinion at 8. The Court explained Petitioner's failure to show prejudice as follows:

> While Petitioner asserted that Joanna's testimony was the sole evidence presented to demonstrate that he "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d]" Joanna to send him pornographic images of herself, *see* 18 U.S.C. § 2251(a), there was other documentary evidence presented at trial on this element of the offense of production of child pornography. Indeed, email conversations between Joanna and Petitioner were admitted at trial which demonstrate that he encouraged her to send him photos. (*See* ECF No. 9, Ex. E (not filed on ECF).) Moreover, in Petitioner's statement to law enforcement, he stated that Joanna sent him "a couple of pictures" and that he "might have asked for the topless one." (ECF No. 9, Ex. B, at 38–39 (not filed on ECF).) If anything,

>the inconsistencies in Joanna's testimony go only to her credibility, which Petitioner's counsel addressed in his summation. *See* Crim No. 15-165, ECF No. 50, at 61–68. Based on this additional evidence presented at trial, and the fact that counsel addressed the issue of Joanna's credibility in his closing, there is no indication that counsel's failure to cross-examine Joanna was "so serious as to deprive the defendant of a fair trial" or that the jury's verdict is unreliable. *See Strickland*, 466 U.S. at 687. Because Plaintiff has failed to demonstrate that he was prejudiced by counsel's decision, relief on this claim is denied.

*Id.* at 8-9.

In his subsequent motion for reconsideration, Petitioner asserted that his trial counsel should have asked Joanna about the form of communication Petitioner used to threaten her, *i.e.*, email, and further asserted that the failure to ask this question amounts to ineffective assistance of counsel. Petitioner also attached several exhibits of Joanna's statements to investigators and her testimony at trial. *See* ECF No. 13. In Petitioner's view, this question, if posed by counsel, would have exposed Joanna's "lies" because, according to Petitioner, there were no emails in evidence that corroborated Joanna's claim that Petitioner threatened her. *See id.*; *see also* ECF Nos. 16-17.

In denying the motion for reconsideration, the Court explained that Petitioner is unable to show he was prejudiced by counsel's decision not to cross-examine Joanna since his counsel made the same point about the lack of corroboration in his closing statements. *See* ECF Nos. 18-19. Defense counsel, in closing statements, specifically argued that there was no documentary evidence corroborating Joanna's testimony that Petitioner had threatened her. *See* Crim No. 15-165, ECF No. 50, at 61–68. Therefore, defense counsel simply elected a strategy that did not run the risk of additional testimony from a sympathetic witness, and Petitioner is unable to show he

was prejudiced by this decision since his counsel made the same point about the lack of corroboration in his closing statements.[2]

Nearly three years after the Court denied Vanderbeck's § 2255 Motion, Petitioner began submitting letters to the Court. *See* ECF Nos. 21-30. In these letters, Vanderbeck seeks to "reopen this matter to search for evidence[,]" *i.e.*, the email to corroborate Joanna's testimony that Vanderbeck threatened her via email to produce the nude images. *See, e.g.*, ECF No. 29 at 1. Vanderbeck also appears to contend that his conviction must be vacated due to prosecutorial misconduct in connection with the failure to produce the email. *See id.* Vanderbeck also claims that counsel was ineffective for failing to ask the prosecution for the email and for failing to "expose the fact" that no email exists. ECF No. 21 at 2.

The Court construes Plaintiff's recent filings as attempts to seek relief from judgment under Fed. R. Civ. P. 60(b). "Rule 60(b) allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides, in relevant part, that relief from a judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[2] In addition, the Court noted that Petitioner's claim that Joanna gave uncorroborated testimony regarding Petitioner's "threats," failed because the use of threats is not a required element of Count 2 (the production of child pornography count relating to Joanna). Instead, the jury needed only find that Petitioner "employed, used, persuaded, induced, enticed, or coerced [Joanna] to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." *See* Jury Instruction No. 16.

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

There are time limitations on Rule 60(b) motions. Specifically, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c); *see Gonzalez*, 545 U.S. at 534-35 (observing that there is a "specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud)"). A motion filed under Rule 60(b)(6) must demonstrate "extraordinary circumstances" that would justify "the reopening of a final judgment[,]" *id.* at 535 (quotation omitted), and "must be made within a reasonable time." Fed. R. Civ. P. 60(c).

Here, Vanderbeck's motion is untimely under Rule 60(b)(1), (2), and (3). Moreover, he has not provided any extraordinary circumstances that would justify the reopening of this Motion under Rule 60(b)(6). His argument that his conviction is invalid without the email proving he threatened Joanna is specious in light of her testimony and the other evidence supporting his convictions. The Court therefore denies Vanderbeck's requests to reopen this matter pursuant to Rule 60(b)(6).[3]

---

[3] The Court notes that it has no jurisdiction to consider a second or successive habeas petition. *See United States v. Donahue*, 733 F. App'x 600, 602 (3d Cir. 2018) (stating that we have no jurisdiction to "consider [a] Rule 60 motion ... if it [is] ... an attempt to circumvent the requirements for filing a new [habeas] motion" (citation omitted)). As explained in *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004), a Rule 60 motion may be adjudicated if its "factual predicate ... attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction." By contrast, a "motion presenting new evidence in support of a claim already litigated" is "in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. To the extent Vanderbeck's request to reopen this matter amounts to an unauthorized successive motion, it is denied for lack of jurisdiction.

5

IT IS THEREFORE, on this  9th day of August 2022,

ORDERED that the Clerk of the Court shall mark this matter as OPEN so that the Court may consider Petitioner's submissions, *see* ECF Nos. 21-30; and it is further

ORDERED that Petitioner's requests to reopen this matter and for relief under Rule 60(b) are DENIED for the reasons explained in this Memorandum & Order; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file and mark this matter as CLOSED.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge